· GEORGE R. MURRAY v. HORACE INGERSOLL, JAMES INGERSOLL, AND GEORGE M. DAYTON.

*Mortgage foreclosure—Computation of interest—Bill of review.*

Defendants, who are personally liable for the deficiency arising on a foreclosure sale, appealed from an order denying their petition for leave to file a bill of review, and the order is reversed, and the prayer of the petitioners is granted, unless the complainant remits certain interest, which was erroneously included by the court in the amount for which the decree was granted.

Appeal from Clinton. (Smith, J., presiding.) Argued April 5, 1894. Decided May 18, 1894.

Bill to foreclose a mortgage. Defendants Ingersoll appeal from an order denying their petition for leave to file a bill of review. Order reversed, unless complainant

remits a certain amount within 30 days. The facts are
stated in the opinion.

*Jason E. Nichols,* for complainant.

*Tinkham & Clark* (*Norton & Weimer,* of counsel), for
appellants.

LONG, J. Defendant Horace Ingersoll gave a mortgage
to defendant Dayton, April 19, 1881, which was duly recorded
on May 30 following. It was given to secure the payment of
the sum of $2,000, with interest at the rate of 10 per
cent., payable annually after October 1, 1882. The prin-
cipal was payable in 10 equal annual installments, the first
payment to be made October 1, 1882. It was given to
secure the payment of the purchase money of certain lands
in the mortgage mentioned. On November 1, 1881, Day-
ton assigned the mortgage in writing to the complainant,
which assignment recites the consideration of $2,323.23.
The assignment was duly recorded. On December 13, 1887,
complainant filed his bill to foreclose the mortgage; no
part of the same having been paid. The Ingersolls and
Dayton were made parties defendant, as James Ingersoll
signed the note accompanying the mortgage, and Dayton
gave a written guaranty of the payment of the note at
the time he made the assignment of the mortgage. De-
fendant Dayton did not appear in the foreclosure proceed-
ings, and the bill was taken as confessed as to him.
Defendants Ingersoll appeared and answered. They denied
by their answer that the assignment was for a valuable
consideration, and alleged that it was without any consider-
ation whatever, and that Dayton was still the owner of the
mortgage; that there was an error in computing the amount
for which the mortgage was given, being about $224 too
much. They also claimed that, at the time the mortgage
was given, Dayton had in his hands for collection a claim

against an estate, and that an arrangement was then made
by which, when the claim was collected by Dayton, he
should indorse one-half of it upon the mortgage; that the
claim was collected, and they were entitled to have the
sum of $125 so indorsed on the mortgage. It was alleged
further in the answer that before the giving of the note
and mortgage the defendant James Ingersoll had purchased
the premises in question of W. O. Wood, and executed to
him a mortgage covering the land for $500; that Dayton,
at the time of taking his mortgage, represented that Wood
had no title to the premises when he conveyed, and agreed,
that he would have the Wood note and mortgage set aside,
and, failing in this, he would indorse upon his note and
mortgage the sum of $500 as of April 19, 1881, the date
of the mortgage. On the hearing the court found the
complainant entitled to recover the full amount of the
note and mortgage, with interest from April 19, 1881, and
that defendant Dayton was personally liable for the sum
of $3,036.34, and the defendants Ingersoll were personally
liable for the sum of $2,420.80, and ordered a sale of the
premises unless the latter amount was paid. The premises
were sold for $1,700 by the commissioner. Order of con-
firmation was entered, and no appeal was taken.

Decree was entered May 14, 1892. In September fol-
lowing, the defendants Ingersoll filed a petition in the
cause for leave to file a bill of review. This petition was
denied, and they appeal to this Court. In the petition
it is claimed that the decree is erroneous for the reasons:

1. That the court permitted the interest on the mort-
gage to be computed from the date of the mortgage,
while it should have been computed, according to its
terms, from October 1, 1882, only.

2. That the court refused to allow defendants one-half
of the moneys collected by Dayton on the claim in his
hands.

3. That the court refused to allow the $500, the amount of the Wood mortgage, which Dayton failed to have discharged.

The further claim is made that since the rendition of the decree the defendants have discovered evidence, unknown to them before, that will now substantiate their claims; that in a certain proceeding the defendant Dayton testified that after the pretended assignment of the mortgage to complainant he was still the owner of it. Some of these facts were controverted by the complainant.

It is claimed by counsel for complainant that the solicitor for the defendants Ingersoll was present at the time the decree was settled, and assisted in the computation of the interest due on the mortgage, and the amount was agreed upon as found by the court. We have examined the record, and find no proof of that fact. The mortgage provides for the payment of interest annually after October 1, 1882, while it is conceded that the court, in determining the amount due and to become due, computed interest on the mortgage from April 19, 1881. It is apparent, therefore, that there was error in the computation. The decree should be opened, unless the complainant remits from the amount due the interest on the mortgage from April 19, 1881, to October 1, 1882.

The other questions raised were settled in the foreclosure proceedings. The claim of newly-discovered evidence has no force. The testimony of Mr. Dayton does not warrant the construction sought to be given it; and the complainant shows, we think, conclusively, that he was a *bona fide* purchaser, and the owner of the mortgage at the time of the foreclosure.

The order of the court below will be reversed, and the defendants permitted to file a bill for review, unless complainant remits the interest, as stated, within 30 days

from this date. Defendants will recover the costs of this Court.

The other Justices concurred.